8

Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive #127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Debtor In Possession
Youngsoon Choi

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. 25-22551-A-11 |
| Choi, Youngsoon | DOCKET CONTROL #:PGM-2<br>DATE: July 28, 2025<br>TIME: 9:00 A.M.<br>DEPT#: A - Courtroom 28 |
| Debtor in Possession / | Honorable Frederick E. Clement |

**PRELIMINARY MOTION FOR AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS**

Youngsoon Choi, Debtor and Debtor in Possession herein ("Debtor"), hereby moves the Court for an order authorizing her to use "cash collateral" ("Cash Collateral") (i)on an interim basis through August 27, 2025, on the terms and conditions set forth herein and (ii)on a final basis, after a final hearing.

To the extent any discrepancy exists between any provision described in this Motion and as set forth in the interim Order, the terms and conditions of the Interim Order shall control. This motion is made pursuant to 11 U.S.C. 363 and Fed. R. Bankr. P. 4001(b), and is based upon the following;

**I. SUMMARY**

1. The grounds for the Motion is that the cash collateral sought to be used constitutes the sole source of funds to operate the Debtor's business. Unless the Court permits immediate use of the cash collateral, the Debtor will be unable to operate, continue the business, or preserve the value of the estate's assets. Debtor requires immediate use of cash collateral to pay for its supplies, equipment costs, and other necessary business expenses as delineated in the Debtor's cash collateral budget. Any inability to maintain ongoing operations will severely affect the value of the estate, which will create immediate and irreparable problems for the Debtor and the creditors.

2. The cash collateral sought to be used are funds on hand and rents received from each rental property. In order to avoid immediate and irreparable harm to the estate pending a final hearing, the Debtor requests authorization to use case collateral to pay the following:

A. Payment to secured creditor:

| | |
|---|---|
| Pacific Loan Works: | $ 5,355.31 |
| Planet Home Lending, Inc.: | $ 5,418.68 |
| Select Portfolio Servicing: | $ 5,952.90 |
| Shellpoint Mortgage Servicing: | $19,717.17 |
| Westlake Financial: | $ 337.00 |
| Larry Baker: | $ 900.00 |

B. Monthly expenses;

| | |
|---|---|
| 1. Payments to Vendors for Maintenance | $ 206.00 |

| | | |
|---|---|---|
| 2. | Insurance; | $ 205.68 |
| 3. | Utilities | $ 1,124.00 |
| 4. | Inventory parts: lights, etc. | $ 500.00 |
| 5. | Taxes | $ 1,257.69 |
| | TOTAL REQUESTED: | $41,475.65 |

3. Cash Collateral Value: Cash on deposit $374.81; Cash on hand $1,000.00. Anticipated monthly cash receipts of approximately $35,721.00 from rents, and income from Uber of approximately $6,750.00 net per month. Total Cash Collateral Value: $42,472.00

4. Proposed Cash Collateral use on a revolving basis through August 27, 2025: $42,472.00.

## II. JURISDICTION AND VENUE

5. Debtor commenced this Case by filing its Voluntary Petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. 101, et seq. (The "Bankruptcy Code"), on May 23, 2025. Since the Petition Date, Debtor has managed its business and affairs as a debtor-in-possession pursuant to 11 U.S.C. 1107.

6. This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. 157(b)(2)(A) and (M). Venue is proper in this district pursuant to 28 U.S.C. 1408 and 1409 because, for the majority of the 180 days prior to filing the Petition, the Debtor's principle residence is located in San Joaquin County. The principle assets of the Debtor are located in San Joaquin County, Contra Costa County, Marin County, Solano County, and Alameda County. Debtor consents to the entry of final orders by

the Bankruptcy Court.

**LEGAL BASIS FOR MOTION**

7. Under 11 U.S.C. 363(b) & (c), 364(c) & (d), and Rules 9014, 4001(b) and (c), 6003 and 2002(a)(2) of the Federal Rules of Bankruptcy Procedures ("FRBF") and Local Rules ("LBR") 4001-1(c) & 9014-1(f)(4). Debtor seeks an order authorizing the use of Cash Collateral, the granting of adequate protection to secured creditors asserting an interest in the cash collateral .

8. Section 363(c) of the Bankruptcy Code provides that a Debtor in Possession may only use cash collateral if the creditor with an interest in the collateral consents or if the Court authorizes such use.

9. FRBP 4001(b)(2) provides that the final hearing on a motion for authority to use cash collateral may be commenced no earlier than 14 days after the service of the motion, by that the court may conduct a preliminary hearing on use of cash collateral is "necessary to avoid immediate and irreparable harm to the estate pending a final hearing." By way of this Motion, Debtor is requesting both a preliminary and final authorization to use cash collateral.

10. Cash collateral use is authorized by the Court only where secured creditors are adequately protected under the Bankruptcy Code. In re Plaza Family partnership, 95 B.R. 166 (E.D. Cal. 1989). Adequate protection can be in the form of an "equity cushion" the existence of which has been held alone to provide sufficient adequate protection for the use of cash

collateral. Id. "An 'equity cushion' has been defined as the value of the property, above the amount owed to the creditor with a secured claim, that will shield that interest from loss due to any decrease in the value of the property during time the automatic stay remains in effect." In re Plaza Family partnership, 95 B.R. 166, 171 (E.D.Cal. 1989). Here, secured creditors have a significant equity cushion protecting their position since the total value of the Debtor's assets is $6,014,227.52, while the Prepetition Lender's claim is approximately $4,795,407.28.

**FACTUAL BACKGROUND**

11. Debtor filed Chapter 11 Subchapter V Bankruptcy in pro per on May 23, 2025, and amended the Petition to Chapter 11 on June 26, 2025. Debtor filed a Motion to Employ Peter G. Macaluso as General Insolvency Counsel on June 23, 2025, to be heard on July 7, 2025.

12. The primary reason for this bankruptcy filing is to prevent the foreclosure of Debtor's investment property aka 315 N. Sierra Nevada Street, Stockton, CA 95205, which consists of a open area which was a church. Debtor suffered a loss of income as a result of the COVID pandemic and tenants refusing to pay rent after that period. Debtor is converting the property into (5) multi-family homes, which will increase the rental income of $12,000.00 per month.

13. Debtor needs authorization to use cash collateral to operate and maintain the business and pay critical expenses

during the pendency of this case. In order to maintain and preserve the ongoing value of the business, it is critical that there be no disruption in operations.

14. Debtor solely manages the properties' daily operations without employees and hires contractors on a as-needed basis.

15. Debtor's continued work is necessary to maintain the value of the properties because this will continue to generate additional income and value for the business including enforcement of complex rules, collection of rents, and removal of non-paying renters.

15. The following entities hold an interest in the Debtor's Cash Collateral:

A. Pacific Loan Works

B. Planet Home Lending, Inc.

C. Select Portfolio Servicing

D. Shellpoint Mortgage Servicing

E. Total Lender Solutions, Inc.

F. Westlake Financial

G. Larry Baker

**BASIS FOR AUTHORIZATION TO USE CASH COLLATERAL**

16. Debtor seeks authority to use the cash collateral to operate and maintain the business and pay critical expenses during the pendency of this case. In order to maintain and preserve the ongoing value of the business, it is critical that there be no disruption in operations.

17. The vast majority of cash collateral is rents

receivable from rental properties. Without Debtor’s continued operation, the value of assets available for secured creditors would be far less than if Debtor was unable to continue to operate and to propose a re-organization plan.

18. Consequently, it is vital for the interest of both Debtor and creditors to continue in operations to maximize the value of these assets. Because Debtor’s continued work is necessary to maintain the value of the properties and because this will continue to generate additional income and value for the properties and creditors, the Debtor should be authorized to use the cash collateral as requested.

19. Included herewith as Exhibit A is a 6-month budget showing the cash collateral that Debtor is requesting to use on a final basis for each month until confirmation of Debtor’s Plan. Debtor is also requesting a 10% variance with regard to the requested amounts.

20. Debtor has been unable to obtain financing with unsecured credit pursuant to Bankruptcy Code Section 364(a) or (b) allowed as an administrative expenses under Bankruptcy Code Sections 503(b)(1), or secured credit pursuant to Bankruptcy Code Section 364(c), or any more favorable terms from any other source.

**ADEQUATE PROTECTION OFFERED**

21. By this Motion, Debtor seeks to grant replacement liens to the extent cash collateral is actually declared, and/or used.

22. Debtor is unaware of any other creditors having liens

or security interests in the subject cash collateral, provided the creditor was served with notice of this Motion. Debtor alleges that the requested use of cash collateral is for and in the best interests of the estate.

**CONCLUSION**

WHEREFORE, the Debtor requests that the Court grant this motion and authorize the Debtor to use the Cash Collateral on an interim basis up to August 27, 2025, prior to the final hearing on this Motion, in order to pay basic expenses and maintain the status quo of the properties in order to avoid immediate and irreparable harm to the estate while the Debtor prepares and files a Plan of Reorganization.

Date: June 30, 2025

**/s/ Peter G. Macaluso**
Peter G. Macaluso, Attorney at Law