4
Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive #127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Debtor
Youngsoon Choi

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. 25-22551-A-7 |
| Choi, Youngsoon | DOCKET CONTROL #:PGM-3<br>DATE: November 3, 2025<br>TIME: 9:00 A.M.<br>DEPT#: A - Courtroom 28 |
| Debtor / | Honorable Frederick E. Clement |

**OBJECTION TO THE CLAIM OF BANK OF AMERICA, N.A.**
**CLAIM NUMBER 5-1**

Debtor, by and through her attorney of record, object to the claim of Bank of America, N.A. (Creditor) on the following grounds:

1. The Debtor filed a Chapter 11 on May 23, 2025 and was converted to Chapter 7 on July 30, 2025.

2. On July 23, 2025 Creditor filed an unsecured claim in the amount of $21,423.21, claim #5-1. Refer to Exhibit "A" filed herewith.

3. The documentation attached to the claim is in the name of "Beauty Porcelain Studio". A California Corporation formed

June 4, 2013 and terminated December 29, 2014, refer to Exhibit B.

**Analysis;**

4. The Debtor disputes the claim in it's entirety. Refer to Declaration of Debtor.

5. The Claim has insufficient documentation there is no contract nor is there a billing statement evidencing last charges and/or payments.

6. The filed Claim 5-1 fails to show a “last transaction” or a “last payment”. Debtor states that the one account was opened with a limit of $500.00 more than 10 years ago.

7. The Statute of Limitations for commencing collection actions on debts of this type is four (4) years pursuant to California Code of Civil Procedure §337. A state statute of limitations constitutes "applicable law" under 11 U.S.C. §502(b)(1). Therefore, the statute of limitations for collection of this debt has expired.

8. Creditor has filed a total of 7 claims in this case claims #6-1, 7-1, 8-1, 9-1, 10-1, & 11-1 and separate objections have been filed to each claim stating the same basis for the claim to be disallowed in its entirety.

9. When comparing the proof of claims (5-11), filed by the same Creditor, it appears that the Creditor has failed to submit any backup documentation, nor is there documentation showing the Debtor, Youngsoon Choi individually is responsible for the debt.

**Argument;**

A proof of claim has the presumption of validity, here such a presumption has been challenged and the burden of proof shifts.

A proof of claim is presumed to be prima facie valid. The presumption may be overcome by the objecting party only if it offers evidence of equally probative value in rebutting that offered by the proof of claim. In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). The burden then shifts back to the claimant to produce evidence meeting the objection and establishing the claim. In re Knize, 201 B.R. 773, 779 (Bankr. N.D. Ill. 1997). When a claim is based on a writing, the original or a duplicate shall be filed with the proof of claim.

Here, the Debtor has provided sufficient evidence to shift the burden to the creditor to prove-up the claim as to why the claim is valid and should not disallowed in it's entirety due to;

A. Beauty Porcelain Studio is an LLC and not the Debtor

B. The statute of limitation on this debt has expired, rendering it uncollectible

C. The Debtor does not owe the amount claimed

D. Failure to provide documentation to support the claim

Counsel has attempted on several occasions to contact creditor, to no avail and they have refused to provide documentation to support their claim.

///

**Conclusion:**

Therefore, Creditor's claim should be disallowed in it's entirety.

Dated: September 3, 2025

/s/ Peter G. Macaluso
Peter G. Macaluso, Attorney at Law