**5**

GABRIEL P. HERRERA, State Bar No. 287093
*gherrera@kmtg.com*
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for KIMBERLY J. HUSTED,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| In re<br><br>YOUNGSOON CHOI,<br><br>Debtor. | Case No. 25-22551<br>Chapter 7<br><br>DCN: KMT-4<br><br>**MOTION TO APPROVE SETTLEMENT AGREEMENT**<br><br>Judge: Fredrick E. Clement<br>Date: November 17, 2025<br>Time: 10:30 a.m.<br>Dept.: A, Crtrm 28, 7th Floor<br>501 I Street<br>Sacramento, CA 95814 |

KIMBERLY J. HUSTED ("Trustee"), in her capacity as the Chapter 7 trustee for the bankruptcy estate of YOUNGSOON CHOI ("Debtor"), hereby moves for approval of her settlement agreement ("Agreement") with Pacific Loanworks, Inc., a California corporation ("PLW"), RJS Financial, a California corporation ("RJS"), and Joyce Seidner ("Seidner" and collectively "Defendants") that includes, **subject to overbidding**, the following terms:

(a) In full satisfaction of any and/or all claims held by the Trustee, as the representative of the Debtor's bankruptcy estate, against the Defendants, including but not limited to the claims asserted, or that could have been asserted, all of which arise from the same transaction or occurrence or series of transactions or occurrences, in San Joaquin County Superior Court Case No. STK-CV-URP-2025-13057 against the Defendants ("State Court Case"), the Defendants shall pay to the

Trustee $10,000 ("Settlement Payment").

(b) Upon payment of the Settlement Payment, the claims asserted or that could be asserted in the State Court Case shall be deemed to have been assigned to the Defendants, who may seek a dismissal of such claims with prejudice.

## I. JURISDICTION AND FACTUAL BACKGROUND

1. Jurisdiction for the Motion exists pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409. Consideration for the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief sought is appropriate pursuant to Federal Rule of Bankruptcy Procedure 9019.

2. On or about May 23, 2025, the Debtor commenced the above-captioned bankruptcy case by the filing of a voluntary Chapter 11 petition ("Bankruptcy Case"). On or about July 30, 2025, the Court converted the case to one under Chapter 7. The Trustee is the duly appointed Chapter 7 trustee for the Debtor's bankruptcy estate.

3. Among the scheduled assets of the Debtor's bankruptcy estate is the Debtor's interest in certain real property generally located at 315 North Sierra Nevada Street, Stockton, CA 95205 ("Subject Property").

4. Prior to the Petition Date, the Debtor obtained a loan from RJS and Siedner in the amount of $536,000 ("Loan"). In connection with the Loan, the Debtor executed a deed of trust in favor of RJS and Siedner, for which PLW served as the trustee. The deed of trust secured the Loan against the Subject Property.

5. The Debtor defaulted on the Loan, resulting in the commencement of foreclosure proceedings by the Defendants in or about December 2024. A Notice of Default was recorded on or about December 24, 2024 and a Notice of Trustee's Sale was recorded on or about March 28, 2025.

6. On or about September 11, 2025, the Debtor commenced the State Court Case, alleging causes of action for breach of contract, breach of the covenant of good faith and fair dealing, fraudulent misrepresentation, negligent misrepresentation, violation of California Civil Code section 2924f, fraudulent concealment, quiet title, slander of title, and violation of Business and

Professions Code Section 17200, et al. Each of the causes of action alleged in the State Court Case arise from allegations that arose prior to the petition date.

7. The Debtor did not identify or schedule any claims against the Defendants in the Bankruptcy Case. At the Debtor's 341 meeting of creditors, the Debtor did not identify any claims against the Defendants.

8. The Trustee has reviewed the claims asserted in the State Court Case and investigated the claims, including through discussions with the Defendants' counsel. The Defendants vehemently dispute the claims asserted by the Debtor. In addition, it is undisputed that the Debtor received the loan and was in default under the terms of the loan by failing to make monthly payments. The Trustee believes that the State Court Case was merely commenced to delay any foreclosure.

## II. TERMS OF THE AGREEMENT

For good and valuable consideration and subject to Bankruptcy Court approval and overbidding at a duly noticed hearing, the Trustee and the Defendants have entered into the Agreement that includes the following pertinent provisions:

> Settlement Payment By the Defendants. In full satisfaction of any and/or all claims held by the Trustee, as the representative of the Debtor's bankruptcy estate, against the Defendants, including but not limited to the claims asserted, or that could have been asserted, all of which arise from the same transaction or occurrence or series of transactions or occurrences, in the State Court Case (collectively, the "Claims for Relief"), the Defendants shall pay to the Trustee $10,000 ("Settlement Payment") as follows: (a) $5,000 within five (5) calendar days of full execution of this Agreement; and (b) the balance within fourteen (14) calendar days of the Effective Date.
>
> Assignment of Rights. For the avoidance of doubt, upon payment of the Settlement Payment, the Claims for Relief shall be deemed to have been assigned to the Defendants, who may seek a dismissal of such claims with prejudice.

## III. BASIS FOR RELIEF

### A. Authority for Approval of Compromise

In determining whether the Agreement should be approved, the court should consider whether the Agreement is fair and equitable. *In re Planned Protective Services, Inc.,* 130 B.R. 94, 96 (Bankr.C.D.Cal.1991). An agreement is fair upon consideration of the following facts: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay

necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views. *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). "[A]n exhaustive investigation or mini-trial on the merits" is not required and a trustee's exercise of business judgment should be given deference. *In re Spirtos*, 2006 WL 6811021, *10 (9th Cir.BAP 2006); see also *Goodwin v. Mickey Thompson Entertainment Group, Inc.*, 292 B.R. 415, 420 (9th Cir.BAP 2003).

**B. Basis for Approval of the Compromise**

**1. The probability of success in the litigation.**

This factor weighs in favor of the Agreement. The estate holds the claims asserted in the State Court Case, a lawsuit that was commenced in September by the Debtor and not the Trustee (after relief from stay was granted). Likewise, the Debtor never identified or scheduled the purported claims against the Defendants, who vehemently dispute the claims asserted. In the Trustee's opinion, the Trustee believes it is less than likely that she would prevail in any claims and yield any net monetary sum to the estate if she continued to pursue the claims.

**2. The difficulties in collection.**

This factor weighs against the Agreement. The Trustee does not believe there would be difficulties in any collection against lenders.

**3. The complexity, expense, and inconvenience of the litigation involved.**

This factor supports the Agreement. The cost of pursuing the claims in the State Court Case would be significantly expensive. Likewise, pursuing the claims would be particularly inconvenient given that the Trustee believes it is unlikely she would prevail or yield any net monetary sum for the estate.

**4. The paramount interest of the creditors.**

This factor also weighs in favor of the Agreement. The Agreement provides a sure return to the estate on account of the State Court Case. In the Trustee's opinion, the sum is reasonable and in the best interest of the estate, given the claims asserted and the probability of success. Moreover, the Agreement is subject to overbidding in the event anyone believes they can recover more than the amount of the Settlement Payment.

## IV. BASIS FOR SALE

To the extent the Agreement is deemed a sale, the Trustee analyzes the Agreement under 11 U.S.C. section 363. After notice and a hearing a trustee may sell assets of a debtor's bankruptcy estate. 11 U.S.C. § 363(b). In order to approve a sale, the trustee must demonstrate a valid business justification, and that the sale is in the best interest of the estate. *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653 (9th Cir. BAP 1996); *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841-42 (Bankr.C.D.Cal. 1991). Notably, "'the trustee's business judgment is to be given great judicial deference.'" *Alaska Fishing Adventure, LLC*, 2018 WL 6584772, *4 (Bankr. D. Alaska Dec. 11, 2018), quoting 3 Collier on Bankruptcy ¶ 363.02[4] (Richard Levin & Page 13 of 17 Henry J. Sommer eds., 16th ed.). Further, courts consider whether the sale is fair and reasonable, has been given adequate marketing, has been advertised and negotiated in good faith, the purchaser is proceeding in good faith, and it is an arm's length transaction. *In re Wilde Horse Enterprises, Inc.*, 136 B.R. at 841.

The Agreement that assigns the claims to the Defendants is in the best interest of the estate and has a valid business justification because it will result in a sure recovery to the estate on account of the claims asserted in the State Court Case. As noted above, in the Trustee's opinion, the Agreement provides a reasonable return to the estate on account of the claims. Moreover, if anyone believes the claims are worth more – including the Debtor – those persons or entities may overbid. Finally, the Agreement avoids any additional costs and time associated with litigating the claims. Consequently, the sale is in the best interest of the estate.

**WHEREFORE**, the Trustee prays that the Motion be granted and for such other and further relief as the Court deems necessary and proper.

DATED: October 20, 2025

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: ______________________
Gabriel P. Herrera
Attorneys for KIMBERLY J. HUSTED,
Chapter 7 Trustee