**3**

GABRIEL P. HERRERA, State Bar No. 287093
*gherrera@kmtg.com*
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for KIMBERLY J. HUSTED,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

In re

YOUNGSOON CHOI,

Debtor.

Case No. 25-22551
Chapter 7

DCN: KMT-5

**MOTION TO ABANDON ESTATE PROPERTY**

Judge: Christopher D. Jaime
Date: June 2, 2026
Time: 11:00 a.m.
Dept.: B, Crtrm 32, 6th Floor
501 I Street
Sacramento, CA 95814

KIMBELRY J. HUSTED ("Trustee"), in her capacity as the Chapter 7 Trustee for the bankruptcy estate of YOUNGSOON CHOI ("Debtor"), hereby moves for authority to abandon the bankruptcy estate's interest in certain real properties located at: (a) 1918 S Olive Avenue, Stockton, CA 958215 ("Stockton Property") and (b) 1605 Auseon Avenue, Oakland, CA 94621 ("Oakland Property") (collectively "Subject Properties"), which is of inconsequential value and benefit to the estate. In support thereof, the Trustee provides as follows:

**<u>JURISDICTION AND FACTUAL BACKGROUND</u>**

1. Jurisdiction for the Motion exists pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409. Consideration for the Motion is a core proceeding pursuant

to 28 U.S.C. §§ 157(b)(2)(A). The relief sought is appropriate pursuant to 11 U.S.C. § 554(a).

2. On or about May 23, 2025, the Debtor commenced the above-captioned bankruptcy case by the filing of a voluntary Chapter 11 petition.

3. On or about July 30, 2025 the Court converted the Chapter 11 case to one under Chapter 7. The Trustee is the duly appointed Chapter 7 trustee for the Debtor's bankruptcy estate.

4. Among the scheduled assets of the Debtor's bankruptcy estate is the Debtor's interest in the Subject Properties. The Debtor values the Stockton Property at $510,000, subject to liens aggregating $379,994.70 (which includes Larry Baker) and values the Oakland Property at $500,000, subject to liens approximating $349,715.30.

5. With respect to the Stockton Property, the Trustee's accountant advises that the tax consequences from a sale would approximate $15,226.00.

6. The public record reflects that the Oakland Property is also subject to a lien held by Larry Baker in the amount of $32,000 and special assessments aggregating $4,218.00. The Trustee's accountant also advises that the tax consequences from a sale would approximate $50,875.00.

7. On or about October 6, 2025, the Court entered an order granting KMT-3, the Trustee's application to employ a broker to market and sell the Subject Properties. The Stockton Property was marketed for $475,000 and the Oakland Property was marketed for $499,000. The Subject Properties were marketed immediately after the order was entered.

8. The Subject Properties did not receive a single offer and there was minimal interest for the purchase. As such, the Trustee agreed to reduce the market price to $475,000 for the Oakland Property and $460,000 for the Stockton Property.

9. Despite lowering the price, the Trustee did not receive any other meaningful interest in the Subject Properties.

10. After costs of sale, payment of liens, and taxes, the Trustee has determined there is no value or benefit to the estate on account of the sale of the Subject Properties. With respect to the Oakland Property, if the price was lowered to $450,000, the net from any sale would be negative (after 8% costs of sale, the liens, and the tax consequences). Likewise, with respect to the Stockton Property, if the price was lowered to $440,000, the net from any sale would be less than $10,000

(after 8% costs of sale, the liens, and the tax consequences) which does not consider outstanding property taxes.

**BASIS FOR RELIEF**

The Subject Properties are of inconsequential value and benefit to the estate. After notice and a hearing, a trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. 11 U.S.C. § 554. Here, after costs of sale, the secured claims, tax consequences, and property taxes, the Subject Properties net proceeds would be negative. The Trustee has investigated each of the Subject Properties, engaged a real estate broker, and marketed the Subject Properties for over six months. Even after lowering the marketing price, the Trustee received no real interest in the Subject Properties. The Trustee has concluded that each of the Subject Properties have no value or benefit to the estate. Accordingly, abandonment is proper.

**WHEREFORE**, the Trustee requests that the Court enter an order granting the motion and for such other and further relief as the Court deems necessary and proper.

DATED: May 18, 2026

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: ______________________

Gabriel P. Herrera
Attorneys for KIMBERLY J. HUSTED,
Chapter 7 Trustee